DLD-033                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3385
_____

IN RE: AMIR MAJIKE BEY,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4-12-cv-00424)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 8, 2012

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: December 12, 2012)
_____

OPINION
_____

PER CURIAM

Amir Majike Bey, an inmate in Pennsylvania, has filed a petition for a writ of

mandamus under 28 U.S.C. § 1651.  Bey is the plaintiff in a civil suit pending before the

United States District Court for the Middle District of Pennsylvania, captioned as Bey v.

Johnson, Civ. No. 12-cv-00424.  In his mandamus petition, Bey asks this Court to direct

the Clerk of the District Court "to file, index, and amend to the public record the

affidavits [Bey] put in with the clerk."  Petition at 4.  The "affidavits" in question consist of various documents that Bey submitted along with his complaint in Civ. No. 12-cv-00424.  Bey also asks that we direct "the enforcement of all treaties enforceable by Article Six," including the United Nations Universal Declaration of Human Rights.  Id.

Mandamus is available in extraordinary circumstances only.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  The petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted).   Bey has not satisfied these standards.

Bey's "affidavits" were docketed and filed as attachments to his complaint in Civ. No. 12-cv-00424.  Those documents are therefore part of the "public record," as Bey requests.  Insofar as Bey is asking that we issue a writ of mandamus and direct that his "affidavits" be placed on the District Court's docket separately from his complaint, that request is denied.  Matters of docket control are within a district court's discretion.  In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  "We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant."  Id. (quotation marks omitted).  Bey points to no prejudice stemming from the manner in which his "affidavits" have been docketed.  Furthermore, the docket reflects that the District Court granted Bey's motion to proceed in forma pauperis and ordered service of

2

his complaint – which includes the attached "affidavits" – upon the defendants. On this record, Bey does not have a clear and indisputable right to mandamus relief.

As to Bey's request for "enforcement of all treaties," Bey can pursue that issue before the District Court in Civ. No. 12-cv-00424, assuming that the question of treaty enforcement bears some relevance to the issues presented in <u>Bey v. Johnson</u>. Bey has not shown that no other adequate means exist to attain this relief.

For these reasons, we will deny Bey's petition for writ of mandamus.